# United States District Court

_____DISTRICT OF_____DELAWARE_____

UNITED STATES OF AMERICA

v.

RAFAEL SANTIAGO

(Name and Address of Defendant)

**REDACTED**

Criminal Complaint

07-15M

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about __June 15, 2006,__ in _New Castle_ County, in the District of __Delaware__ defendant, Rafael Santiago (Track Statutory Language of Offense)

did knowingly distribute cocaine

in violation of Title ___21___ United States Code, Section(s) _841 (a) & (b) (1) (c)_.

I further state that I am a(n) _Special Agent, DEA_ and that this complaint is based on the following facts:
Official Title

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof:    YES

_____
Signature of Complainant
David B. Hughes
Special Agent
Drug Enforcement Agency

FILED
JAN 29 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Sworn to before me and subscribed in my presence,

_January 29, 2007_ at _Wilmington, DE_
Date                            City and State

Honorable Mary Pat Thynge
United States Magistrate Judge       _____
Name & Title of Judicial Officer     Signature of Judicial Officer

## AFFIDAVIT

DAVID B. HUGHES, being duly sworn, states as follows:

1. I am a Special Agent (S/A) with the Drug Enforcement Administration (DEA) and have been so employed for approximately five years and one half years. Prior to my employment with the DEA, I was employed as a Trooper with the Maryland State Police for approximately six years. During my law enforcement tenure, I have participated in numerous investigations into the unlawful distribution of narcotics in violation of federal and state laws. In the course of my duties, I have conducted or participated in physical and electronic surveillance, undercover transactions, the execution of search warrants, debriefing of informants, interviews of witnesses, reviews of tape-recorded conversations involving drug trafficking activities, and analyses of telephone toll records and other records kept by or relating to drug traffickers. Through my training, education and experience, I have become familiar with methods in which illegal drugs are imported, manufactured and distributed; methods of payment for such drugs; and methods used by drug traffickers to avoid law enforcement detection, including methods used to disguise the source and illegal nature of drug proceeds. I have also testified as an expert witness in federal and/or state courts regarding the distribution, transportation and concealment of illegal drugs.

2. This Affidavit is in support of a criminal complaint against and arrest warrant for Rafael SANTIAGO, d/o/b        1978. I am the case agent responsible for the investigation in aid of which this application is being made. This Affidavit is based on my personal knowledge and observations as well as information provided to me by other law enforcement officers. Because this Affidavit is solely for the purpose of establishing probable cause, not all facts relating to the investigation are included herein.

3. On or about June 15, 2006, the CS, under the direction and control of agents/officers, initiated a consensually monitored tape-recorded telephone call to SANTIAGO regarding the purchase and delivery of a half-kilogram of cocaine. During the telephone call, SANTIAGO agreed to meet with the CS and deliver a half-kilogram of cocaine on consignment expecting a future payment of $11,000.00. Pursuant to the telephone call, agents/officers established surveillance in and around the area of the New Creation Barbershop located at 501 Maryland Avenue, Wilmington, Delaware 19805. Upon arrival, agents/officers observed the CS drive up to and park adjacent to the New Creation Barbershop located at 501 Maryland Avenue, Wilmington, Delaware 19805. Shortly thereafter, agents/officers observed SANTIAGO exit the New Creation Barbershop carrying a white cardboard box. Agents/Officers observed SANTIAGO walk over to the CS vehicle and hand the white cardboard box to the CS through the driver's side window. Simultaneously, agents/officers followed the CS out of the area while SANTIAGO returned to the aforementioned barbershop. Agents/Officers met with the CS where the CS relinquished the aforementioned white cardboard box that contained approximately a half-kilogram (500 grams) of cocaine. The CS and the CS's vehicle were searched for contraband (money and/or drugs) prior to and after the meeting with SANTIAGO. The CS was equipped with an electronic monitoring and recording device during the meeting with SANTIAGO

1

allowing agents/officers to contemporaneously monitor the transaction between the CS and SANTIAGO. The aforementioned half-kilogram of cocaine was transferred to the DEA Northeastern Regional Laboratory where it was analyzed and determined to be 497.2 net grams of cocaine with an 83% purity level.

    4. On January 26, 2007, agents/officers officers of the Wilmington, Delaware Resident Office and the Wilmington Police Department Vice Unit established surveillance in and around the area of SANTIAGO'S residence at                    in Wilmington, Delaware. Agents/Officers observed SANTIAGO exit the residence of                in Wilmington, Delaware carrying a black plastic case where he entered the driver's side of a 1991 white Honda Accord station wagon bearing Delaware registration PC189983. Agents/Officers converged on and executed the arrest of SANTIAGO as he exited the aforementioned Honda Accord. A search of the Honda Accord incident to arrest produced a .45 caliber semi-automatic handgun with a loaded magazine and one round in the chamber. Additionally, there was another loaded magazine contained with the .45 caliber semi-automatic handgun. The .45 caliber semi-automatic handgun was located in the black plastic case under the driver's seat of the Honda Accord. Immediately thereafter, SANTIAGO was verbally advised of his Miranda Rights; he was not questioned at that time.

    5. Upon arrival to the DEA Wilmington Resident Office, SANTIAGO was again advised of his Miranda Rights and signed a written waiver of his Miranda rights. Post Miranda, SANTIAGO admitted to distributing a half-kilogram of cocaine to an individual sometime during the summer of 2006. SANTIAGO also admitted that the aforementioned handgun belonged to him and that he maintained it to protect his business at the barbershop.

    6. Based upon my training, knowledge and experience, I believe that the above substance seized on June 15, 2006, is cocaine. This conclusion is based on factors including the color, texture, smell, and appearance of the substance.

    7. Based on the foregoing facts and my training, knowledge and experience, it is my opinion that SANTIAGO knowingly distributed a substance containing a detectable amount of cocaine.

8. Based on the foregoing facts, Affiant submits that there is probable cause to believe that SANTIAGO has committed a violation of Title 21, United States Code, Section 841(a) (1) and (b) (1) (C), distribution of a substance containing a detectable amount of cocaine, and therefore respectfully requests that the Court issue a criminal complaint and arrest warrant for SANTIAGO.

_____
Special Agent David B. Hughes

Sworn to and subscribed before
me this 29th day of January 2007.

_____
HONORABLE MARY PAT THYNGE
United States Magistrate Judge